FILED IN CHAMBERS
U.S.D.C. Atlanta

AUG 2  2007

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

United States Ex Rel,

      Plaintiff,

v.

Derrick H. Sanders,

      Defendant.

CIVIL ACTION No.
1:05-CV-2458-JEC

## ORDER AND OPINION

This case is presently before the Court on the plaintiff's Motions for Summary Judgment and to Convert Preliminary Injunction to Permanent Injunction [42] and defendant's Motions for Summary Judgment [32, 44]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that the plaintiff's Motions for Summary Judgment and to Convert Preliminary Injunction to Permanent Injunction [42] should be **GRANTED** and defendant's Motions for Summary Judgment [32, 44] should be **DENIED**.

## BACKGROUND

In this case, the plaintiff, the United States, seeks to enjoin the defendant from promoting an alleged tax fraud scheme. The defendant, Derrick H. Sanders, refers to himself as Chief Black Hawk

AO 72A
(Rev.8/82)

(Decl. Chief Black Hawk "Decl. C.B.H." (Attach. 1 to Def.'s Mot. for Summ. J. [44] at ¶ 1), and claims to be the Grand Master Consul of a group of Native Americans called the Yamassee Native Americans. (Pl.'s Mot. for Prelim. Inj. [8] Attach. 1, Decl. of Mark DeJournett "Decl. M.D." at ¶ 5.)  He insists that in his official capacity as Grand Master Consul of the Yamassee Native Americans, he entered into a treaty with the State of Georgia[1] on October 23, 2003. (Def.'s Filing Req. [9] p.4.)  Defendant further alleges that the United States Department of State authenticated the treaty on February 11, 2004. (Def.'s Resp. to Prelim. Inj. [13] at p. 2.)  The treaty purportedly declares that the Yamassee Native Americans are not subject to federal income taxes because they are non-resident aliens. (Def.'s Resp. to Pl.'s Mot. for Summ. J. "Def.'s Resp." [47] at p. 9.)

Defendant has created a website at yamasseegov.ws. (Pl.'s Mot. for Prelim. Inj. [8] at p. 9.)  The website allows individuals to become members of the Yamassee Native Americans through an application process. (Id.)  Once a person becomes a Yamassee, defendant sends them a packet of five documents that the new Yamassee tribesman uses to claim exemption from federal income taxes. (Id. at

---

[1]   The Yamassee Native Americans claim that the Mt. Arafat Embassy in Georgia is their tribal territory. (Pl.'s Statement of Undisputed Material Facts "P.S.U.M.F." [42] at ¶ 18.)

AO 72A
(Rev.8/82)

p. 2.)  The documents include: a letter from defendant proclaiming the individual a Yamassee Native American with tax exempt status; an "Apostille" that supposedly grants defendant the authority to issue certifications to other governments; a Declaration of Naturalization as a Yamassee; a homemade W-8BEN form to claim tax exemption; and a Declaration of Tax-Exempt Foreign Status. (Pl.'s Mot. for Prelim. Inj. [8], Exs. 1-5.)  Defendant prepares all of these documents.[2] (P.S.U.M.F. [42] at p. 8.)

The Yamassee Native Americans are not recognized as an Indian tribe by the Bureau of Indian Affairs. (*Id.* at pp. 12-13.)  The Yamassees do not have a treaty with the United States. (*Id.*) Finally, the Yamassees are not listed as a recognized Indian tribe in IRS Revenue Procedure 2002-64. (*Id.*)

On February 4, 2004, the IRS notified defendant that the Yamassee were not recognized as a separate sovereign nation and that their "citizens" were not exempt from federal income taxes. (Pl.'s Mot. for Prelim. Inj. [8], Ex. 8.)  After this notification, defendant filed his own homemade W-8BEN form, with an Atlanta address listed. (Pl.'s Mot. for Prelim. Inj. [8], Ex. 7.)  Additionally, 35 other Yamassee tribal members filed the same homemade W-8BEN form,

---

[2]  As of February 27, 2007, defendant's website continued to promote the Yamassee Native American tribe and their professed tax exempt status. (*Id.* at ¶ 4-6.)

AO 72A
(Rev.8/82)

even though the IRS notified defendant that the Yamassees did not have tax exempt status. (P.S.U.M.F. [42] at p. 2).  Although the tribal territory of the Yamassee is purportedly located at the Mt. Arafat Embassy in Georgia, a majority of the 35 individuals who filed the homemade W-8BENs live in or around Philadelphia, Pennsylvania. (*Id.* at p. 12.)

Plaintiff first brought suit to prevent defendant from promoting his alleged tax scheme on September 1, 2005. (Pl.'s Compl. [1] at 7-11.) Rather than answering the complaint, defendant challenged the jurisdiction of the Court, stating that he had diplomatic immunity. (Def.'s Challenge to Jurisdiction [7] p. 1.)

On February 6, 2006 the United States filed for a preliminary injunction against defendant. (Pl.'s Mot. for Prelim. Inj. [8].) The Court granted that motion on February 21, 2006. In its order, the Court found that it was more likely than not that defendant was promoting a tax fraud scheme. (Order and Opinion [11] at page 2 ¶¶ 3-4.)

Plaintiff has moved for summary judgment on two previous occasions.[3] (Pl.'s Mot. for Summ. J. [42] p.p. 6-7.) The Court denied

---

[3]  Plaintiff first moved for summary judgment on July 17, 2006. (Plaintiff's Motion for Permanent Injunction [21].) The Court dismissed the motion without prejudice because the list of material facts was not set forth according to the local rules. (Order [30].) Plaintiff again moved for summary judgment on November 1, 2006. (Plaintiff's Motion for Permanent Injunction [31].)  The Court

4

AO 72A
(Rev.8/82)

without prejudice these motions, based on procedural violations by the plaintiff.

Plaintiff has now filed a Motion for Summary Judgment to convert the preliminary injunction into a permanent injunction. (*Id.*) Defendant's reply included a Motion to Dismiss, and a request for financial compensation from the United States in the amount of 11 million dollars. (Def.'s Resp. [47] at pp. 1, 18.) Plaintiff's Motion for Summary Judgment is presently before the court.

### DISCUSSION

### I.   **Summary Judgment Standard**

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."" FED. R. CIV. P. 56(c). A fact's materiality is determined by the controlling substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.* at 249-50.

Summary judgment is not properly viewed as a device that the trial court may, in its discretion, implement in lieu of a trial on

---

dismissed the motion without prejudice for not appropriately citing the evidence. (Order [36].)

the merits.  Instead, Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of every element essential to that party's case on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In such a situation, there can be no genuine issue as to any material fact, as a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.  *Id.* at 322-23 (quoting FED. R. CIV. P. 56(c)).

The movant bears the initial responsibility of asserting the basis for his motion.  *Id.* at 323.  However, the movant is not required to negate his opponent's claim.  The movant may discharge his burden by merely "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the non-moving party's case."  *Id.* at 325.  After the movant has carried his burden, the non-moving party is then required to "go beyond the pleading" and present competent evidence designating "specific facts showing that there is a genuine issue for trial."  *Id.* at 324.  While the court is to view all evidence and factual inferences in a light most favorable to the non-moving party, *Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988), "the mere existence of *some* alleged factual dispute between the parties will not defeat an

otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (1986).

## II.  Plaintiff Is Entitled to Summary Judgment.

Generally, Native Americans[4] are subject to federal income taxation because they "are citizens ... in ordinary affairs of life." *Squire v. Capoeman*, 351 U.S. 1, 6 (1956). To obtain tax exempt status, Native Americans need to obtain either "treaties or remedial legislation." (*Id.*)  Additionally, the exemption must be clear and unambiguous. (*Id.*)  Thus, for the Yamassee Native Americans to be exempt from federal income taxes, the Yamassees would need a treaty with the United States of America that clearly and unambiguously describes their tax exempt status. (*Id.*)

Whether or not the Yamassee Native Americans are subject to federal income taxation is not a purely legal argument, as plaintiff suggests. (Pl.'s Mot. for Summ. J. [42] p. 19.) The existence of a treaty is a factual issue. In this case, however defendant has not carried his burden of showing that there is a genuine dispute as to whether the Yamassees have a treaty exempting them from federal taxes.

---

[4]    The Court uses the term "Native Americans" to refer to individuals also known as American Indians.

AO 72A
(Rev.8/82)

**A. There Is an Absence of Evidence to Support Defendant's Case.**

The party moving for summary judgment bears the initial responsibility of asserting the basis for the motion. *Celotex Corp.*, 477 U.S. at 323. This requires the movant to show the court "that there is an absence of evidence to support the non-moving party's case." *Id.* at 325.

Plaintiff has demonstrated that the Yamassee Native Americans have not entered a treaty with the United States. (Pl.'s Mot. for Prelim. Inj. [8], Decl. M.D. at ¶ 17.)  Mark DeJournet, an IRS agent, thoroughly researched the Yamassee Native Americans and concluded that the Yamassees do not have a treaty with the United States, are not recognized by the Bureau of Indians, and are not listed as a recognized Indian tribe in IRS Revenue Procedure 2002-64. (*Id.*) Plaintiff has thus established that there is no evidence to support defendant's case, and, absent the introduction of contrary evidence by the defendant, will have carried the burden to establish summary judgment under *Celotex*.

**B.   Defendant Has Not Responded to Plaintiff's Motion With Evidence Sufficient to Create a Genuine Issue of Fact.**

Following plaintiff's initial showing, the burden then moved to defendant to "go beyond the pleading[s]" and present competent evidence that would show his tribe entered into a treaty entitling them to a tax exemption. *Id.* at 324.  The court is required to draw

8

all reasonable inferences from the nonmoving party's evidence. *Samples*, 846 F.2d at 1330. However, the Court is not required to accept every alleged factual dispute as a genuine issue of material fact. *Anderson*, 477 U.S. at 247-48 (1986).  Unsupported conclusory allegations are insufficient to defeat a motion for summary judgment. *Leigh v. Warner Bros. Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000). Most importantly, there is a genuine issue of material fact only if the evidence in the record could "lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. V. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Defendant alleges he entered into a treaty with former Secretary of State Colin Powell, but the treaty has never been entered into evidence. (Def.'s Mem. in Supp. Mot. for Summ. J. [44] p. 2.)  The only "evidentiary" support offered by defendant are authentication forms that do not reference what they are authenticating and additional self-serving declarations of the "Rights of Indigenous People." (Def.'s Resp. [47] at Exs. A1-A2.)  While allegations by a *pro se* party are held to a less stringent standard,[5] defendant, who allegedly entered into the treaty on behalf of his "nation," could have easily included a copy of the treaty if one really existed.

---

[5]   *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992)

9

(Def. Prelim Report & Disc. Plan [24] p. 14 or 17.)[6] Without evidence that this treaty exists, the court will not assume its existence, because "taxpayer's self-serving declarations [are] no ironclad substitute for the records that the law requires." *Nguyen v. CIR*, 86 T.C.M. (CCH) 587, *4 (2003).

Summary judgment is appropriate if no reasonable jury could find for the non-moving party. *Anderson*, 477 U.S. at 249-250. A reasonable jury would not find for the defendant, based on his self-serving allegations that he entered into a treaty with Colin Powell that declared the Yamassees nonresident aliens exempt from federal income taxes. (Def.'s Resp. [47] at p. 11.) Nonresident aliens are defined as individuals who are "neither a citizen of the United States nor a resident of the United States." 26 U.S.C.A. § 7701(b). The persons filing their homemade W-8BEN forms were, at the least, residents of the United States, as all provided United States addresses. (P.S.U.M.F. [42] at ¶¶ 12,18.)

As the Yamassee Native Americans do not have a treaty, "they are subject to the payment of income taxes as are other citizens." *Squire*, 351 U.S. at 6. Accordingly, summary judgment on that matter is appropriate. The only disputes remaining are whether defendant has promoted a tax fraud scheme and whether plaintiff is entitled to

---

[6] The relevant page is labeled as p. 17, but it is only the 4th page in the docket.

AO 72A
(Rev.8/82)

a permanent injunction against defendant.

## III. **Plaintiff Is Entitled to Permanently Enjoin the Defendant From Promoting His Tax Scheme.**

While an evidentiary hearing is often held by a court prior to granting a permanent injunction, a hearing may be unnecessary when "no triable issues of fact are involved." *U.S. v. McGee*, 714 F.2d 607, 613 (6th Cir. 1983). Additionally, it is appropriate to issue a permanent injunction without an evidentiary hearing if there is no allegation that evidence exists that could result in a different conclusion after a hearing. *Socialist Workers Party v. Illinois State Bd. of Elections*, 566 F.2d 586, 587 (7th Cir. 1977).

While the defendant has disputed his tax status, he has not put forward any evidence to support his argument concerning that status. That is, he has offered no evidence of a treaty that grants him and his tribe tax exempt status. No hearing is necessary because if the treaty was in existence, it would have already been brought to the Court's attention. Without the treaty, the Yamassee Native Americans are subject to federal income taxes. *Squire*, 351 U.S. at 6.

Further, even if the Court accepted defendant's assertion that his "tribe" had a treaty, the described document would not constitute a valid treaty with the United States. Defendant alleges that he entered into a treaty with the then Secretary of State, Colin Powell, and the State of Georgia. (Def. Mot. for Summ. J. [44] Brief p. 2.)

11

While the Yamasees do not purport to be a foreign government, "the power to make treaties with Indian tribes is . . . coextensive with [the power] to make treaties with foreign nations." *United States v. Forty-Three Gallons of Whiskey*, 93 U.S. 188, 197 (1876). Yet, a valid treaty requires ratification by the President and two-thirds of the Senate, in order to be enforceable. U.S. CONST. art. II, § 2, cl. 2. Defendant has not asserted that either of these events occurred.

Additionally, this case is similar to *United States v. Prater*, wherein the court granted a permanent injunction without an evidentiary hearing. *United States v. Prater*, No. 8:02-CV-2052-T-23MSS, 2005 WL 2715401, *10 (M.D.Fla. Sep. 23, 2005). In *Prater*, the defendants did not put forth evidence to create a dispute as to the facts, but rather relied on frivolous interpretations of the Internal Revenue Code and continuously reiterated arguments "found to be frivolous." *Id.* at *6. Also, in *Prater,* the defendants "ignored the preliminary injunction and continued to promote their abusive tax schemes." (*Id.* at *3.)

Similarly, defendant has made broad allegations about a treaty with the United States. (Def.'s Resp. [47] at p. 2.) However, he has not presented any proof of its existence. Moreover, defendant's "supposed" treaty does not comply with constitutional requirements necessary to ratify a treaty.  Therefore, for the almost two-year

12

pendency of this case, defendant has not created any genuine dispute of the material facts.  Defendant merely reiterates, unceasingly, his unsupported assertion that the Yamassee are nonresident aliens who are not subject to federal taxation.  (Def.'s Challenge to Jurisdiction [7]; Def.'s Resp. to Prelim. Inj. [13]; Def.'s Answer [17]; Def.'s Corrected Mot. for Summ. J. [44]; Def.'s Resp. [47].) It would be a waste of the Court's time and resources to hold a hearing, when there clearly is no valid treaty that defendant could produce at a hearing.   Finally, defendant has also ignored the Court's preliminary injunction and continues to maintain yamasseegov.ws to promote his tax scheme.[7] (Second Decl. Of Marion Goyette [38] at ¶¶ 1-5.)   For all of these reasons, the Court concludes that a permanent injunction should issue, without an evidentiary hearing, if the applicable law so permits.

26 U.S.C. § 7408(b) grants the Court the authority to issue a permanent injunction: (1) against any person who has violated 26 U.S.C. § 6700 or § 6701,[8] if (2) the injunction is necessary to prevent reoccurrence of the violation.    26 U.S.C.A § 7408. The

_____

[7]   As of February 27, 2007 the website continued to promote the tax scheme. (Second Decl. Marion Goyette [38] at ¶¶ 1-5.)

[8]   26 U.S.C. § 7408 (b)(1) allows for an injunction against anyone who has "engaged in any specified conduct", but 26 U.S.C. § 7408(c)(1) goes onto to define "specified conduct" as encompassing anyone who engages in a violation of 26 U.S.C. § 6700 or § 6701.

AO 72A
(Rev.8/82)

continuing behavior of defendant indicates that an injunction is necessary to prevent the reoccurrence of his conduct. Specifically, after the IRS notified defendant that he was not exempt from federal income taxes, he proceeded to file a fraudulent W-8BEN. (Pl.'s Mot. for Prelim. Inj. [8], Exs. 7-8.) Thirty-five other known individuals filed the same fraudulent W-8BEN that defendant had created. (Pl.'s Mot. for Prelim. Inj. [8], Decl. of M.D. at ¶ 19.) Despite the Court's preliminary injunction preventing defendant from promoting his tax scheme, defendant still maintains his website that advertises the tax scheme. (Court Order for Prelim. Inj. [11]; Second Decl. of Marion Goyette [38] at ¶¶ 1-5.) Defendant has refused to back down from his absurd contention that the Yamassee are a sovereign people exempt from federal income taxes. It therefore appears that an injunction--and perhaps prosecution and incarceration--is necessary.

Once the necessity of a permanent injunction is established, the Court must then also consider whether defendant has violated either 26 U.S.C. § 6700 or § 6701. Four criteria must be met in order to find a violation of 26 U.S.C. § 6700: (1) defendant must have organized, sold, or participated in the organization or sale of an entity, plan, or arrangement; (2) defendant must have made, or caused to be made, false or fraudulent statements about tax benefits that the entity would bestow; (3) defendant must have known, or had reason to know, that the statements were false or fraudulent; and (4) the

14

statements must have been material. 26 U.S.C.A. § 6700.

In this case all the criteria are met. Defendant uses the website yamasseegov.ws to market the phony Yamassees tax exempt status. (P.S.U.M.F. [42] at pp. 14-15.) The website claims that defendant was integral in forming the treaty that granted the Yamassee tax exemption. (Pl.'s Mot. for Prelim. Inj. [8], Ex. 12.) Defendant also creates the documents that purport to prove that the Yamassees are entitled to tax exemptions. (Pl.'s Mot. for Prelim. Inj. [8], Exs. 1-5.)  At the very least, defendant has participated in the organization of the Yamassee Native Americans and the promotion of its purported tax benefits.

Further, defendant has made fraudulent statements concerning the tax benefits that Yamassee Native Americans receive. (*Id.*) He claims Yamassee Native Americans are exempt from federal income taxes because a treaty with Secretary of Staete Colin Powell declared them nonresident aliens. (*Id.* at Ex. 12.) However, as the United States established, no such treaty exists. (*Id.*, at "Decl. M.D.," ¶ 17.) Absent the existence of a treaty, Native Americans are subject to taxation. *Squire*, 351 U.S. at 6. Thus, defendant's claims that the Yamassee are exempt from federal taxation based on a treaty is a false or fraudulent statement.

In addition, defendant either knows, or should know, that his statement is either false or fraudulent.  The IRS sent defendant a

letter explaining to him that the Yamassee are not recognized as a tax exempt tribe. (Pl.'s Mot. for Prelim. Inj. [8], Ex. 8.) Yet to this day, defendant ignores this clear communication and persists in publicizing his bogus claim that the Yamassee are an independent, sovereign tribe with non-resident alien tax exempt privileges. (Def. Resp. [47].)

Finally, defendant's claim that he entered a treaty that fully exempted the Yamassees from federal income taxes is "material," within the meaning of 26 U.S.C. § 6700. *See U.S. v. Estate Preservation Services*, 38 F.Supp.2d 846, 855 (E.D.Cal. 1998)(holding that, if a statement results in "substantial tax benefits to a taxpayer, the matter is properly regarded as 'material' within the meaning of [the Internal Revenue Code]"). Thus, defendant's conduct satisfies all four elements of Section 6700.

Additionally, defendant has violated 26 U.S.C. § 6701 of the Internal Revenue Code. Any person who (1) assists in the preparation of any portion of a return, affidavit, claim or other document; (2) who knows or has reason to believe will be used in connection with any material matter under tax laws; and (3) who knows will result in an understatement for liability, is in violation of §6701. 26 U.S.C.A. § 6701(a)(1)-(3).

Defendant has prepared five documents that the Yamassee Native Americans use to claim that they are free from federal income taxes.

16

(Pl.'s Mot. for Prelim. Inj. [8], Decl. M.D. at ¶ 7.)  This includes a homemade W-8BEN that replaced an important section in the legitimate W-8BEN form, which stated that United States citizens cannot file W-8BEN forms with a "Drafted Declaration of the Rights of Indigenous People." (*Id.* at ¶ 11, Ex. 4.)  Also included in the five documents are (1) a letter from defendant declaring the Yamassee exempt from federal income taxation; (2) an Apostille that purportedly grants defendant the power to issue certifications to governments; (3) a declaration of naturalization; and (4) a Declaration of Tax-Exempt Foreign Status. (*Id.* at Exs. 1-5.)

Moreover, defendant knew, or had reason to know, that these documents would be used in connection with a material matter under tax laws. (*Id.*, at Decl. M.D. at ¶ 7.) The IRS notified Defendant that the Yamassees were subject to federal income taxes. (Pl.'s Mot. for Prelim. Inj. [8], Ex. 8.) A reasonable person would know that preparing documents for individuals to claim tax exemption, when they were not eligible for the exemption, would result in the documents being used in connection with a material matter under tax laws. *See Estate Preservation Servs.*, 38 F.Supp.2d at 855 (E.D.Cal. 1998)(holding if a statement results in "a substantial tax benefit to a taxpayer, the matter is properly regarded as 'material' within the meaning of [the Internal Revenue Code]").

Finally, defendant knew that the use of the documents would

17

result in an understatement of liability.  The IRS did not exempt the Yamassees from federal income taxes, and defendant knew this. (Pl.'s Mot. for Prelim. Inj. [8], Ex. 8.)  Thus, any use of the documents defendant produced would result in an understatement of liability: something a reasonable person would know.  Indeed, while the United State is a victim, individuals who purchase their Yamassees citizenship from the defendant and claim a tax exemption will now be embarking on a long, expensive, and ultimately losing dispute with the I.R.S.

Defendant's violation of 26 U.S.C. § 6700 and § 6701 of the Internal Revenue Code, his continuing disobedience to Court orders, and his refusal to cooperate with the IRS make a permanent injunction appropriate under 26 U.S.C.A. §  7408 of the Internal Revenue Code.[9] Accordingly, plaintiff's motion for summary judgment to convert the preliminary injunction into a permanent injunction against defendant is **GRANTED**.

Accordingly, the Court **ORDERS** that:

1. Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Order are permanently enjoined under 26 U.S.C.

---

[9]  As Sanders is permanently enjoined from continuing to promote his tax-scheme under 7408 of the Internal Revenue Code, the Court does not analyze his actions under § 7402.

AO 72A
(Rev.8/82)

§ 7408 from:

    a.   Promoting the Yamassee Native American tax scheme described in the Complaint or otherwise engaging in activity subject to penalty under 26 U.S.C. § 6700, including organizing or selling a plan or arrangement and, in connection with that activity, making a statement regarding the excludibility of income or the securing any other tax benefit that he knows or has reason to know is false or fraudulent as to any material matter, including but not limited to the false statement that Yamassee Native Americans are an indigenous Native American tribe whose members are nonresident aliens not subject to the jurisdiction of the United States and exempt from federal income taxes;

    b.   Engaging in conduct subject to penalty under 26 U.S.C. § 6701, including preparing or assisting in the preparation of a document related to a material matter to the internal revenue laws that he knows will (if so used) result in an understatement of another person's tax liability, including but not limited to IRS W-8BEN forms or other documents falsely stating that the Yamassee Native Americans are an indigenous Native American tribe whose members are nonresident aliens not subject to the jurisdiction of the United States and exempt from federal income taxation;

19

c.    Misrepresenting any of the terms of this Order.

2. Defendant is ordered to mail, at his own expense, a copy of this Order, **within 14 days** of the entry of the Order, to all persons to whom he gave, sold, or distributed any materials related to the tax-fraud scheme set forth in the Complaint, and to all persons who contacted defendant, or whom defendant contacted, regarding the tax-fraud scheme described in the Complaint.   Defendant shall file a certificate of compliance, signed under penalty of perjury, with the Court **within 21 days** of the entry of this Order.

3. Sanders shall display prominently on the first page of the www.yamasseegov.ws website a complete copy of this Order **within 14 days** of the entry of this Order.

4. Defendant will remove from the website, yamasseegov.ws, any mention of a tax exemption or a treaty entered into with the United States, **within 14 days** of the entry of this Order.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiff's Motions for Summary Judgment and to Convert Preliminary Injunction to Permanent Injunction [42] and **DENIES** defendant's Motions for Summary Judgment [32, 44].   The Clerk shall close this case.

20

SO ORDERED, this ___28___ day of August, 2007.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)